# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| United States Securities and Exchange Commission, | Civil Action No. 3:13-cv-02575-JMC |
| Plaintiff, | |
| v. | |
| Benjamin Sydney Staples, an individual and Benjamin Oneal Staples, an individual, | **ORDER AND OPINION** |
| Defendants, | |
| and | |
| Brian Staples, | |
| Relief Defendant. | |

Plaintiff United States Securities and Exchange Commission (the "SEC") filed this action against Defendants Benjamin Sydney Staples ("Benjamin Staples"), Benjamin Oneal Staples ("Oneal Staples"), and Relief Defendant Brian Staples ("Brian Staples") (collectively "Defendants") seeking injunctive relief and alleging violation of the Securities Act of 1933, 15 U.S.C §§ 77a–77mm, and the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–78kk. (ECF No. 1.)

This matter is before the court on Defendants' motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6) motion") because the SEC has failed to state a claim for which relief may be granted. (ECF Nos. 28, 31.) The SEC opposes the Rule 12(b)(6) motions asserting that the complaint states appropriate claims for relief. (ECF Nos. 38, 40.) For the reasons set forth below, the court **DENIES** Defendants' Rule 12(b)(6) motions.

## I.     RELEVANT BACKGROUND TO PENDING MOTIONS

The following relevant facts from the complaint are taken as true only for the purposes of the pending motions.

From early 2008 through approximately June 2012, Benjamin Staples and his son, Oneal Staples, (together the "Staples") operated the Estate Assistance Program (the "Program"), which was designed to take advantage of retail bonds that contained a "survivor's option."[1] (ECF No. 1 at 1 ¶ 2.)  To facilitate the Program, "[t]he Staples identified terminally ill individuals and recruited them into the Program by offering to pay for their funeral expenses." (Id. at 2 ¶ 3.) "In exchange, the terminally ill participant agreed to open a joint brokerage account with Ben[jamin] Staples, Oneal Staples or both." (Id.) "After a joint account was opened, the Staples purchased discounted corporate bonds containing a 'survivor's option,' which allowed the Staples to redeem the bonds for the full principal amount prior to maturity if, among other things, a joint owner of the bond died." (Id. at ¶ 5.) "After a terminally ill participant died, the Staples wrote a letter to each brokerage firm where the Staples and that participant had a joint account." (Id. at ¶ 6.) "In that letter, the Staples asked that the bonds in the joint account be redeemed pursuant to the 'survivor's option.'" (Id.) When the Staples redeemed their bonds under the survivor's option, they falsely claimed that the decedents were owners of the bonds. (Id. at 6 ¶ 33.) In reality, the Staples had required all terminally ill participants to sign an Estate Assistance Agreement (the "Agreement") where the participants had expressly relinquished all ownership interest in the bonds. (Id. at 2 ¶ 8, 6 ¶ 28.)

---

[1] A survivor's option is a provision featured in some corporate bonds that requires the issuers, upon request by the authorized representative of a beneficial owner of the bonds, "to repay the full principal amount of the bonds prior to maturity following the death of a beneficial owner" if they meet certain requirements. (ECF No. 1 at 6 ¶ 30.) "To comply with the terms of the survivor's option, the decedent must be an owner of the bond at the time of their death." (Id. at ¶ 31.)

From 2008 to 2012, the Staples purchased over $26.5 million in bonds from at least thirty-five (35) issuers, through at least fourteen (14) brokerage firms, involving at least forty-four (44) participants. (Id. at 4 ¶ 21.) All bonds were purchased at a significant discount and were redeemed resulting in gains of over $6.5 million during the four (4) years the Staples operated the Program. (Id.) From the profit obtained, Benjamin Staples deposited approximately $400,000.00 into the account of his other son, Brian Staples. (Id. at 7 ¶ 39.)

On September 20, 2013, the SEC commenced this action alleging causes of action against Defendants for employment of a device, scheme, or artifice to defraud in violation of Section 17(a)(1) of the Securities Act (15 U.S.C. § 77q(a)(1)); fraud in the offer and sale of securities in violation of Section 17(a)(2) and (3) of the Securities Act (15 U.S.C. § 77q(a)(2) & (3)); fraud in connection with the purchase and sale of securities in violation of Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and SEC Rule 10b-5 (17 C.F.R. § 240.10b-5); and unjust enrichment. (ECF No. 1 at 8–10.) On November 22, 2013, Benjamin Staples filed his Rule 12(b)(6) motion and on November 25, 2013, Oneal Staples and Brian Staples jointly filed their Rule 12(b)(6) motion. (ECF Nos. 28, 31.) The SEC filed a response in opposition to the Rule 12(b)(6) motion of Benjamin Staples on December 9, 2013 and to the Rule 12(b)(6) motion of Oneal Staples and Brian Staples on December 12, 2013. (ECF Nos. 38, 40.) Benjamin Staples filed a reply in support of his Rule 12(b)(6) motion on December 19, 2013, and Oneal Staples and Brian Staples filed a reply in support of their Rule 12(b)(6) motion on December 23, 2013. (ECF Nos. 41, 42.)

## II.     LEGAL STANDARD AND ANALYSIS

A.     Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th

3

Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In addition to the pleading requirements of Fed. R. Civ. P. 12(b)(6), the SEC when alleging securities fraud in its complaint must satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b), which requires that a party alleging fraud "state with particularity the circumstances constituting fraud."[2] Id.

---

[2] The court notes that the more rigorous pleading standards of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4, which go beyond the requirements of Fed. R. Civ. P. 9(b), only apply to securities fraud actions brought by private plaintiffs and they do not apply to a case brought by the SEC. U.S. SEC v. ICN Pharm., Inc., 84 F. Supp. 2d 1097, 1099 (C.D. Cal. 2000). Specifically, the PSLRA requires that a plaintiff asserting a violation of the federal securities laws based on a false or misleading statement "specify each statement alleged to have

B.       The Parties' Arguments

    *1. Benjamin Staples*

Benjamin Staples moves the court to dismiss the complaint on the grounds that (1) the SEC lacks subject matter jurisdiction over the matter because Defendants did not sell or purchase a security; (2) the SEC is unable to establish that all parties to the joint tenants with the right of survivorship accounts are not owners pursuant to the survivor options contained in the notes; (3) the SEC failed to plead allegations of fraud with the specificity required by Fed. R. Civ. P. 9(b); and (4) the SEC has failed to make the required strong showing of scienter.  (ECF No. 28-1 at 3.) In regards to the foregoing, Benjamin Staples asserts that the transactions complained of by the SEC are redemptions, which do not "constitute a purchase or sale of securities as contemplated by the relevant acts and therefore the SEC lacks jurisdiction as a matter of law to bring this action." (Id. at 9; see also 12–17.)  Moreover, Benjamin Staples contends that the SEC has failed to plead fraud with particularity because the complaint's allegations fail "to identify any specific statements by either defendant, to whom such statements were made and how such statements might have been fraudulent."  (Id. at 19.)  Benjamin Staples further complains that the unjust enrichment claim fails to "identify a benefit conferred on either of the individual defendants nor do[es] it [] identify from whom the alleged benefit was received." (Id. at 24.)  Finally, Benjamin Staples argues that the complaint fails to state a claim under the federal securities laws because it lacks allegations of the requisite scienter." (Id. at 31–34.)   Based on the aforementioned, Benjamin Staples requests that the court dismiss the complaint in its entirety.

---

been misleading, the reason or reasons why the statement is misleading, and if an allegation regarding the statement or omission is made on information and belief, state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u–4(b)(1).  Additionally, "specific statements must be attributed to specific individuals." In re Medimmune, Inc. Sec. Litig., 873 F. Supp. 953, 960 (D. Md. 1995).  And, the facts alleged must also "support a reasonable belief that the statements were in fact misleading." Teachers' Ret. Sys. of La. v. Hunter, 477 F.3d 162, 175 (4th Cir. 2007).

### *2. Oneal Staples*

Oneal Staples largely reiterates the arguments for dismissal of the complaint made by Benjamin Staples. Consequently, Oneal Staples argues that dismissal of the complaint is appropriate because (1) he did not participate in the sale or purchase of a security; (2) the fraud allegations lack the specificity required by Fed. R. Civ. P. 9(b); (3) he could not have misrepresented the ownership of notes held in a joint tenants with right of survivorship account because there is a legal presumption that such notes were owned jointly; (4) there are no specific allegations of conduct that evinces a misrepresentation, scienter, or even the applicability of the Securities and Exchange Acts to his conduct; and (5) the cause of action for unjust enrichment has not been properly pleaded. (ECF No. 31-1 at 5.) In support of foregoing arguments, Oneal Staples asserts that the transactions complained of by the SEC are redemptions, which do not satisfy the criteria of being an "'offer or sale of any securities,' as required by Section 17(a), or 'in connection with the purchase or sale of any security,' as required by Rule 10b-5." (Id. at 6.) Moreover, Oneal Staples asserts that the SEC has failed to plead fraud with particularity because the complaint's allegations "do not differentiate between individual defendants." (Id.) Oneal Staples further complains that the unjust enrichment claim fails "to identify any benefit conferred upon [][him] nor does it identify from whom the alleged benefit was received." (Id. at 7.) Finally, Oneal Staples argues that the complaint fails to state a claim under the federal securities laws because it lacks allegations of "(1) [] fraudulent conduct; (2) in connection with the purchase or sale of securities (or 'in' the sale of any securities in the case of Section 17(a)); (3) with the requisite scienter." (Id. at 7–9 (citing, e.g., Ernst & Ernst v. Hochfelder, 425 U.S. 185, 196 (1976)).) Based on the aforementioned, Oneal Staples requests that the court dismiss the complaint as to him.

*3. Brian Staples*

Brian Staples argues that any claims alleged against him should be dismissed since the claims against Benjamin Staples and Oneal Staples are not sufficiently pleaded. (ECF No. 31-1 at 2, 5, 10.)

*4. The SEC*

The SEC opposes the dual Rule 12(b)(6) motions arguing that it has exceeded pleading requirements for securities fraud claims and sufficiently alleged facts to support each element of a claim under § 17(a), § 10(b), and Rule 10b-5. (ECF No. 38 at 7–8 (citing, e.g., Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 151 (1972) (The Commission must allege that "material misstatements or omissions . . . were made either in the offer or sale of any securities, or in connection with the sale or purchase of any securities."); SEC v. Pirate Investor LLC, 580 F.3d 233, 238 (4th Cir. 2009) ("In a civil enforcement action under § 10(b), the SEC must establish that the defendant (1) made a false statement or omission (2) of a material fact (3) with scienter (4) in connection with the purchase or sale of a security.")).) In support of this argument, the SEC asserts that it sufficiently alleged false statements by the Staples based on allegations that they (1) signed letters to brokerage firms asking them to redeem bonds pursuant to the survivor's option and made the false representation in those letters that the deceased joint account holder was an "owner" of the bond at the time of their death; and (2) omitted material information in the redemption process by not telling the brokerage firms that the deceased individuals had relinquished their rights to the bonds. (Id. at 10.) In addition, the SEC asserts that it properly pleaded scienter by alleging that the Staples knowingly deceived brokerage firms, bond issuers and paying agents about the ownership interest the decedents had in the bonds. (Id. at 14.) Moreover, the SEC argues that the early redemption of a bond constitutes a sale of a

7

security because the survivor's option is a provision in the bond's indenture and its supplements that is a "contract to sell or otherwise dispose of" a security. (Id. at 15–16.)

In response to Oneal Staples' argument that the fraud allegations do not differentiate between individual defendants, the SEC states that "there is no meaningful distinction between Oneal Staples' conduct and that of his father because they were both equally involved in the alleged misconduct." (ECF No. 40 at 6 ("Both of them operated the Program, both of them signed Estate Assistance Agreements, both of them were identified as owners on the brokerage accounts and both signed letters to brokerage firms requesting redemption of bonds. Simply put, they operated as a pair.").) The SEC further responds to Oneal Staples' claim of having a limited role in the Program by stating that liability for a scheme to defraud is imposed on any person who "substantially participates in a manipulative or deceptive scheme by directly or indirectly employing a manipulative or deceptive device . . . intended to mislead investors, even if a material misstatement by another person creates the nexus between the scheme and the securities market." (Id. at 9 (citing, e.g., SEC v. Lee, 720 F. Supp. 2d 305, 334 (S.D.N.Y. 2010)).) In this regard, the SEC argues that it has properly alleged claims against Oneal Staples because "he assisted in devising and orchestrating a fraudulent scheme and employed the use of fraudulent misrepresentations in furtherance of the scheme." (Id. at 10.)

As to the unjust enrichment claim, the SEC contends that the claim was pleaded solely against Brian Staples and is proper because it "has the authority to seek equitable relief from an otherwise innocent person who has been unjustly enriched by a defendant's securities law violations." (Id. at 11 (citation omitted).) Moreover, the SEC asserts that the complaint's allegations of unjust enrichment are proper since Brian Staples is alleged to have received approximately $400,000.00 from the proceeds of the Program. (Id. at 11–12.)

8

Based on the foregoing, the SEC requests that the court deny the pending Rule 12(b)(6) motions.

C.       The Court's Review

   *1. The SEC's Claims Pursuant to Section 10(b), Rule 10b–5 and Section 17(a)*

Section 10(b) of the Exchange Act[3] and Rule 10b-5[4] prohibit fraudulent conduct in connection with the purchase or sale of a security. See 15 U.S.C. § 78j(b); 17 C.F.R. §§ 240.10b-5(a), (b) & (c). Section 17(a) of the Securities Act prohibits fraud in the offer or sale of securities, using the mails or the instruments of interstate commerce.[5] See 15 U.S.C. §§ 77q(a).

---

[3] Section 10(b) states: It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange— . . . (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, . . . any manipulative or deceptive device . . . .  15 U.S.C. § 78j(b).

[4] Rule 10b-5 makes it unlawful:

> for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange, (a) To employ any device, scheme, or artifice to defraud, (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5.

[5] Section 17(a) makes it unlawful:

> for any person in the offer or sale of any securities . . . by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly (1) to employ any device, scheme, or artifice to defraud, or (2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

9

Courts apply "nearly identical tests" for determining liability under Section 17(a), Section 10(b), and Rule 10b–5. S.E.C. v. True North Fin. Corp., 909 F. Supp. 2d 1073, 1122 (D. Minn. 2012); see also S.E.C. v. Haligiannis, 470 F. Supp. 2d 373, 381 (S.D.N.Y. 2007) (stating the standard for establishing the violation of Section 17(a) is "essentially the same" as that for Section 10(b) and Rule 10b–5). To establish a violation under these anti-fraud provisions, the SEC must prove that a defendant: (1) made a material false statement[6] or material omission or engaged in deceptive conduct, (2) in connection with the offer, sale, or purchase of a security, (3) by means of interstate commerce. See U.S. SEC v. Pirate Investor LLC, 580 F.3d 233, 239 (4th Cir. 2009); SEC v. Shanahan, 646 F.3d 536, 541 (8th Cir. 2011) (involving misstatements and omissions); SEC v. Lucent Techs., Inc., 610 F. Supp. 2d 342, 350 (D.N.J. 2009) (involving deceptive conduct). Further, scienter[7] is required to prove a violation of Section 17(a)(1), Section 10(b), and Rule 10b-5, while Sections 17(a)(2) and (3) are proven by showing a defendant acted negligently. Shanahan, 646 F.3d at 541 (citing Aaron v. SEC, 446 U.S. 680, 695 (1980)); True North, 909 F. Supp. 2d at 1122.

Upon review, the court finds that the SEC's allegations, taken as true, establish alleged

---

15 U.S.C. § 77q(a).

[6] A fact stated or omitted is material if there is a substantial likelihood that a reasonable purchaser or seller of a security (1) would consider the fact important in deciding whether to buy or sell the security or (2) would have viewed the total mix of information made available to be significantly altered by disclosure of the fact. Longman v. Food Lion, Inc., 197 F.3d 675, 683 (4th Cir. 1999). The information must be viewed from the perspective of a reasonable investor at the time the misrepresentation was made, not from the perspective of a reasonable investor with the benefit of hindsight. Gebhardt v. ConAgra Foods, Inc., 335 F.3d 824, 830–31 (8th Cir. 2003) Materiality is ordinarily a question of fact for the jury. Id. at 829.

[7] Scienter is a mental state "embracing intent to deceive, manipulate, or defraud." Ernst & Ernst v. Hochfelder, 425 U.S. 185, 192 n.12 (1976). The SEC meets its burden of proving scienter by establishing that the speaker acted intentionally or recklessly; the negligent speaker, however, avoids liability. Ottmann v. Hanger Orthopedic Grp., Inc., 353 F.3d 338, 343–44 (4th Cir. 2003).

violations of federal securities law in accordance with Fed. R. Civ. P. 9(b).  First, the SEC alleges that from 2008 until approximately June 2012, the Staples materially failed to disclose to brokerage firms or issuers of bonds that they had required terminally ill joint tenants to relinquish their ownership rights in the proceeds of the bonds.  (ECF No. 1 at 6 ¶ 33.)  In addition, the SEC alleges that "[w]hen the Staples redeemed their bonds under the survivor's option, they falsely claimed that the decedents were owners of the bonds when in fact the deceased participants had relinquished all ownership interest in the bonds through the Estate Assistance Agreement and the Participant Letter."  (Id. at 7 ¶ 35.)  The SEC further alleges materiality by stating that "ownership of the bonds is required in order to redeem the bonds under the survivor's option."  (Id. at ¶ 36.)  Finally, the SEC made the following allegations that the Staples' representations were made with scienter:

> Ben Staples and Oneal Staples acted with scienter.  They operated the Estate Assistance Program with the intent to deceive the brokerage firms and the bond issuers about the ownership interest that their deceased participants had in the bonds.  The Staples were aware that each Program participant had relinquished all ownership rights in the bonds and despite knowing this, they falsely represented that they were entitled to redeem the bonds pursuant to the survivor's option because the deceased were "owners" of the bonds.

(Id. at ¶ 38.)

Based on the foregoing allegations, the court concludes that the SEC has sufficiently pleaded its federal securities fraud claims.  Accordingly, the court must deny Defendants' respective motions to dismiss.

### 2. *The SEC's Claim for Unjust Enrichment*

Defendants argue that the court should dismiss the SEC's claim for unjust enrichment because it failed to identify the benefit conferred and from whom the benefit was received.  (ECF No. 31-1 at 7.)  "A party may be unjustly enriched when it has and retains benefits or money which in justice and equity belong to another."  Dema v. Tenet Physician Servs. –Hilton Head,

11

Inc., 678 S.E.2d 430, 434 (S.C. 2009). To prevent unjust enrichment, "[f]ederal courts may order equitable relief [such as disgorgement[8]] against a person who is not accused of wrongdoing in a securities enforcement action where that person: (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc., 276 F.3d 187, 192 (4th Cir. 2002) (citation omitted).

In the complaint, the SEC alleges that Brian Staples received $400,000.00 from the proceeds of the Program and, therefore, was "unjustly enriched, and it would be unjust and inequitable for him to retain those funds and/or property." (ECF No. 1 at 7 ¶¶ 39–40, 10 ¶ 51.) If the court accepts the foregoing and all other well-pleaded allegations in the complaint as true and draws all reasonable factual inferences from those facts in the SEC's favor, it is appropriate to find that the SEC has sufficiently stated allegations in support of an unjust enrichment claim in the context of this federal securities fraud action. Accordingly, the court denies the Rule 12(b)(6) motion of Brian Staples as to the SEC's cause of action for unjust enrichment.

### III.     CONCLUSION

For the reasons set forth above, the court hereby **DENIES** the motions by Defendants Benjamin Sydney Staples, Benjamin Oneal Staples, and Relief Defendant Brian Staples to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Nos. 28, 31.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 24, 2014
Columbia, South Carolina

---

[8] Disgorgement is an equitable remedy designed to prevent the unjust enrichment of the wrongdoer and to deter others from violating the federal securities laws. SEC v. Resnick, 604 F. Supp. 2d 773, 782 (D. Md. 2009); SEC v. Marker, 427 F. Supp. 2d 583, 591 (M.D.N.C. 2006).